```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Mike Stanich,                     :

      Plaintiff,                  :

   v.                             :    Case No. 2:09-cv-143

                                  :    JUDGE MICHAEL H. WATSON
Hissong Group, Inc., et al.,           Magistrate Judge Kemp
                                  :
      Defendants.
```

ORDER

This employment discrimination case is before the Court on the motion for leave to file an amended answer filed by defendants Hissong Group, Inc. and Darren Hissong (collectively, the Hissong defendants). Through this motion, the Hissong defendants seek to amend their answer in order to assert the affirmative defense of after-acquired evidence. The motion has been fully briefed. For the following reasons, the motion for leave (#36) will be denied.

I. Background

Plaintiff Mike Stanich began working for Hissong Group in approximately 1980. Hissong Group sells semi-trucks and operates in various locations throughout Ohio. In 1997, Mr. Stanich was named the general manager for both the Columbus and Chillicothe locations. In 2005, Mr. Hissong took over control of the company from his father. The complaint alleges that, following Mr. Hissong's assumption of control, various incidents occurred which demonstrated his bias against older employees and several of these incidents were directed at Mr. Stanich. In early 2008, Mr. Stanich was terminated. As a result of his termination, on February 26, 2009, Mr. Stanich filed this action asserting a claim of age discrimination as well as various state law claims.

In their original answer filed November 20, 2009, the Hissong defendants asserted that they possessed a legitimate non-discriminatory reason for Mr. Stanich's termination. According to the Hissong defendants, Mr. Stanich was terminated as a result of his role in an incident which they considered to be insurance fraud.  Mr. Stanich contends that the Hissong defendants' stated reason is a pre-text and that the actual reason for his termination was his age and Mr. Hissong's bias against older employees.

The deadline for filing motions to amend, established by this Court's preliminary pretrial order, was September 3, 2010. The Hissong defendants' motion for leave to amend was filed on March 22, 2011, over six months later.

## II.   The Motion for Leave to Amend

Through their motion for leave, the Hissong defendants seek to amend the answer to assert the affirmative defense of after-acquired evidence.  Specifically, they propose the following amendment:

> 8.  Defendants have obtained "after acquired evidence" that was discovered after Plaintiff's termination and said evidence (i) would have been discovered notwithstanding Plaintiff's termination and (ii) is of sufficient severity that it would have resulted in his termination.  Said evidence relates to Plaintiff's pre-termination misconduct and/or moral turpitude.

The Hissong defendants assert that, following Mr. Stanich's termination, they discovered repeated incidents of his unprofessional behavior on the job.  They contend that leave to assert their proposed defense should be freely given under the liberal standards of Fed.R.Civ.P. 15 and rely on Queen v. Park Nat'l Bank, Case No. 2:09-cv-33 (S.D. Ohio April 5, 2010) (Deavers, M.J.), in support of their position.  Further, they claim that Mr. Stanich will not be prejudiced, nor will this case be unduly delayed, if leave to amend is granted.

Mr. Stanich opposes the motion on grounds that the Hissongs waived this affirmative defense when they did not plead it in their original answer.  He asserts that, based on their own representations, the Hissongs were aware of the alleged conduct "shortly" after his termination but chose not to plead it in their answer, which was filed more than twenty-one months following his termination.  Further, Mr. Stanich asserts that he was never put on notice of such a defense and that he will be prejudiced by the proposed amendment because of the delay which will result.  Finally, Mr. Stanich argues that the Hissongs have not provided any explanation for their delay in waiting until six months after the Court-established deadline for amending the pleadings to seek to amend their answer.

In reply, the Hissong defendants offer a single explanation for seeking leave to amend now, namely that their counsel just became aware of the allegations supporting an after-acquired evidence defense.  With respect to Mr. Stanich's assertion of prejudice, they argue that only a short time will be needed for additional discovery and that they have already expressed their willingness to accommodate reasonable discovery requests.  They also contend that, given the nature of this after-acquired evidence, the amendment should be allowed in the interest of justice.  The Hissongs also have filed a supplement to their motion setting forth additional after-acquired evidence relating to alleged incidents of employee theft under Mr. Stanich's supervision.  Mr. Stanich has filed a motion to strike this supplemental filing and the Hissongs have filed a memorandum contra.

### III.  Legal Standard

Fed.R.Civ.P. 15(a) states that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires."  However, when,

as here, the deadline established by the Court's scheduling order has passed, the Sixth Circuit has made clear that, "a plaintiff must first show good cause under Rule 16(b) for failure earlier to seek leave to amend" and the Court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'"  Commerce Benefits Group, Inc v. McKesson Corp., 326 Fed. Appx. 369, 376 (6th Cir. 2009)(quoting Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003)); see also Hill v. Banks, 85 Fed. Appx. 432, 433 (6th Cir. 2003).  Consequently, the Court is permitted to examine the standard factors governing amendments of the complaints under Rule 15(a) only if it is satisfied that the date for the filing of a motion for leave to amend is properly extended under the good cause provisions of Rule 16(b).

Further, although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner."  Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."  Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  Dilmar Oil Co. v.

Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 2369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, 426 F.3d 824 (6th Cir. 2005). It is with these standards in mind that the instant motion will be decided.

## IV. Analysis

If the Court were to grant leave to amend, the after-acquired evidence defense the Hissongs propose could serve to bar Mr. Stanich from obtaining certain remedies should he prevail in this case. Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160 (6th Cir. 1996). An employee's remedies are limited where an employer can show it could have terminated the employee for wrongdoing if it had known of such wrongdoing at the time. Id. In order to rely upon the after-acquired evidence, the employer must show that the employee would have been terminated on those grounds alone if the employer had been aware of such evidence at the time of termination. Id. Generally, the defense prevents the employee from recovering front pay and reinstatement, and limits backpay from the time the employer discovered the wrongdoing. Id.; see also McKennon v. Nashville Banner Publishing Co., 513 U.S. 352 (1995).

Some consideration of the issues surrounding the merits of this proposed defense might be in order if the Court, as the Hissongs assume, were to proceed directly to an analysis under

Rule 15.  However, as discussed above, the motion has been filed well past the deadline for amending the pleadings.  As a result, the Court must begin its analysis under Rule 16(b).  See, e.g., Goethe v. California, 2009 WL 3627958 (E.D. Cal. Oct. 29, 2009); Jackson v. Winn-Dixie, Inc., 2008 WL 4183399 (S.D. Ala. Sept. 11, 2008); Perea v. Hunter Douglas Window Fashions, Inc., 2008 WL 511409 (D. Colo. Feb. 22, 2008).

Under Rule 16(b)(4) "[a] schedule may be modified only for good cause and with the judge's consent."  The Sixth Circuit, in recently upholding a district court's denial of additional time for discovery, discussed various factors to be considered under Rule 16(b) but reiterated that "[t]he overarching inquiry ... is whether the moving party was diligent ...."  Bentkowski v. Scene Magazine, -- F.3d --, 2011 WL 1466371, *6 (6th Cir. April 19, 2011).  Consequently, the Court first will consider whether the Hissong defendants have demonstrated diligence in support of their request for leave to amend their answer.

In their motion, the Hissongs do not acknowledge that the deadline for amending the answer to assert this affirmative defense has passed.  As a result, their argument in favor of allowing the amendment is not framed in terms of Fed.R.Civ.P. 16(b).  However, they assert that the delay in seeking to amend is the result of defense counsel's only recently having become aware of the allegations supporting the assertion of the after-acquired evidence defense.  As stated by the Hissongs, "[d]efense counsel was not aware of the evidence at the time Defendants (sic) Answer was filed and promptly sought this amendment upon discovering such evidence."  Further, "defense counsel did not discover facts which might lead to said affirmative defense until March 15, 2011."  However, as set forth above, this is not the test for diligence under Rule 16(b).

The focus of the diligence issue under Rule 16(b) is not how

-6-

quickly counsel moved to amend once he became aware of this information.  Rather, the Hissongs must demonstrate that they could not reasonably have amended their answer prior to the deadline, despite their due diligence.  Stated another way, the focus of the issue is whether the information could have been discovered by the defendants, with any diligence, prior to the scheduling deadline.  See, e.g., Perea, supra.  There is no doubt here that not only could such information have been discovered by the defendants prior to the deadline, but, by their own admission, it was.

According to the Hissong defendants' filings, there are two primary pieces of information giving rise to their proposed amendment  - Mr. Stanich's alleged unprofessional behavior and incidents of employee theft which allegedly occurred under his supervision.  With respect to Mr. Stanich's alleged behavior, Mr. Stanich has provided a letter from Hissong's counsel describing this information as having been "uncovered shortly after [Mr. Stanich's] termination."  See Exhibit 1 to Plaintiff's Response (Doc. #38).  Further, according to the Hissongs, the information regarding the theft also was "discovered by defendant shortly after the plaintiff's termination."  See Defendants" Supplement (Doc. #42).  While the phrase "shortly after," may be less than specific, at least with respect to the theft, the Hissongs have provided evidence that June 6, 2008, is the last date by which they could have become aware of the incident.  See Exhibit 24 to Defendants' Supplement.  Further, from the Hissongs' assertion that Mr. Stanich's behavior was well-known to customers, vendors, and office staff, the Court is confident that the phrase "shortly after," even construed generously, refers to a time frame well before September 3, 2010, if not well before November 20, 2009, the date the original answer was filed.  In light of this, the Court finds that the Hissong defendants, had they exercised due

diligence, would have been able to pursue the proposed amendment within the scheduled time frame for doing so.

Further, the Court finds that the Hissongs' reliance on the Queen case is completely misplaced. In that case, the motion for leave to assert the affirmative defense of after-acquired evidence was granted because such evidence had been obtained through discovery. As discussed above, this is not the scenario presented here. The information the Hissong defendants seek to rely on was not within the exclusive control of the plaintiff or unrelated third-parties. Significantly, the Hissongs do not even make such an assertion. Rather, they explain that this information came to light through their own counsel's investigation in connection with preparing interrogatory responses on their behalf. This undisputed fact distinguishes this case from cases where courts have granted leave to amend to assert an after-acquired evidence defense. See, e.g., Hoellering v. Nordyne, Inc., 202 F.R.D. 259 (W.D. Mo. 2001) (evidence adduced during discovery); Weeks v. McLaughlin, 2010 WL 4115390, *2 (D. Kan. Oct. 19, 2010) ("problems in obtaining relevant, electronically stored information" prevented more timely motion); April v. U.S. Airways, Inc., 2010 WL 1196015 (D. Ariz. March 23, 2010) (employer obtained evidence during discovery);

Instead, the Court finds the circumstances of this case to be more similar to those addressed by the court in Zubulake v. UBS Warburg, LLC, 231 F.R.D. 159 (S.D.N.Y. 2005). In that case, the court denied the motion for leave to amend the answer to assert the affirmative defense of after-acquired evidence, in part as a result of an unexplained 22-month delay. As the court stated,

> Here, defendants filed their Answer on March 13, 2002, and learned of the after acquired evidence in March 2003. Rather than move to amend at that time, they waited twenty-two months, until the eve of trial,

>to assert the defense which would, if successful, drastically reduce plaintiff's damages. Although defendants have offered no excuse or justification for the delay, the only possible reason for the timing of the instant motion is that defendants' newly substituted counsel made a strategic decision to assert the defense even though defendants' former counsel knew of the defense and presumably waived it. This, however, is not a sufficient basis for leave to amend where plaintiff is prejudiced by the amendment. ... Furthermore, "leave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." (Citations omitted).

In summary, based on the record before it, the Court cannot conclude that the Hissong defendants exercised due diligence in moving for leave to amend after the deadline. Accordingly, they have not established the good cause required for a modification of the case schedule under Rule 16(b) and the Court need not undertake any analysis under Rule 15(a). Consequently, the motion for leave to amend will be denied. See Goethe, supra; Jackson, supra; Perea, supra.

Two final issues remain to be addressed. Turning to Mr. Stanich's motion to strike the amended answer, the Court notes that rather than attaching the proposed amended answer as an exhibit to their motion, the Hissong defendants filed it directly as an independent document. Because the amended complaint was filed without leave of Court, the motion to strike will be granted. Further, because the motion for leave to amend will be denied, Mr. Stanich's motion to strike the supplemental filing will be denied as moot.

## V. Conclusion

For the reasons set forth above, defendants' motion for leave to amend the answer (Doc. #36) is denied. Further, the motion to strike the amended answer (Doc. #39) is granted. The amended answer (Doc. #37) is stricken. Finally, the motion to

strike the supplemental response (Doc. #43) is denied as moot.

## VI.   Procedure for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge